**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

LORENA VASQUEZ,

       Plaintiff,

-vs-                                     Case No.  2:11-cv-202-FtM-36SPC

JOSEPH'S VENTURE'S LLC, a Florida limited
liability company doing business as MAXX
FOODS, ASLAM DOSSANI, individually,

       Defendants.

_____

**<u>ORDER</u>**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. #10)

filed on August 22, 2011.  The Court construes the motion as a renewed motion for entry of clerk's

default as Plaintiff is presenting the Court with new evidence that the Defendant corporation was

properly served after this Court's previous denial of entry of clerk's default.

On August 15, 2011, this Court denied Plaintiff's Motion for Default because the summons

and complaint were delivered to the manager of Defendant Joseph's Venture's LLC d/b/a Maxx

Foods and not an officer of the corporation. The Return of Service showed that the summons and

complaint was left with the manager at 4610 Palm Beach Blvd., Fort Myers, Florida 33905, on April

25, 2011, but there was no indication in the return of service that the manager was served because

the president, vice president, or other head of the corporation were absent as required by Florida law.

Thus, the Court found that service was improper.  (Doc. #8).

Plaintiff moves again for entry of default and has filed an Amended Return of Service (Doc.

#10-1), which still indicates that service was attempted on  Defendant Joseph's Venture's LLC d/b/a

Maxx Foods on April 25, 2011 at 4610 Palm Beach Blvd., Fort Myers, Florida 33905, but now

indicates that the registered agent was not available as directed by the statute and "after asking for

the president or other corporate officers or directors the summons was served to manager of business

as an employee of the corporation, in accordance with F.S. 48.081(1)(d) and 48.081(3)(a)."

The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative

relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is

made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a).  Pursuant to Pursuant to Fed R. Civ.

P. 4(h), service upon a corporation is effected when:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign
> corporation or upon a partnership or other unincorporated association that is subject
> to suit under a common name and from which a waiver of service has not been
> obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals
> by subdivision (e)(1), or by delivering a copy of the summons and of the complaint
> to an officer, a managing or general agent, or to any other agent authorized by
> appointment or by law to receive service of process and, if the agent is one
> authorized by statute to receive service and the statute so requires, by also mailing
> a copy to the defendant. . .

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy

of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P.

1.070.  A corporation may be served by serving process on the president, vice president, the cashier,

treasurer, secretary, general manager, any director, any officer or business agent residing in the state.

Fla. Stat. § 48.081(1)(a-d).  In the event that the president, vice president, or other head of the

corporation is absent, the cashier, treasurer, secretary, or general manager may be served.  The

conditions imposed by Florida Stat. § 48.081 must be strictly complied with and valid service on

a corporation may be effected only by complying with such statute.  S.T.R. Industries, Inc. v.

Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Bank of America, N.A. v. Bornstein, 39 So.3d 500, 502 (Fla. 4th DCA 2010); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987). "Absent strict compliance, the court lacks personal jurisdiction over the corporation . . . [a]s the party invoking the court's jurisdiction has the burden of proving proper service of process." Bank of America, N.A., 39 So.3d at 502-03. "To obtain personal jurisdiction over a corporate defendant, a return of process showing service of an inferior officer of a corporation must show that all superior officers designated in the statute were absent when service was attempted." Id. at 503.

Upon review of the Amended Return of Service (Doc. #10-1), the Court finds that the statute has been complied with as service was attempted on the president or other corporate officers or directors, who were not available and therefore the manager was served. Therefore, the entry of clerk's default against Joseph's Venture's LLC d/b/a Maxx Foods is appropriate at this time.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. #10), which the Court construes as a motion for clerk's default is **GRANTED**. The Clerk of Court is directed to enter clerk's default against Joseph's Venture's LLC d/b/a Maxx Foods **ONLY**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___23rd___ day of August, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record